IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00355SOM-01 |
| Plaintiff, | ) | |
| vs. | ) | DECLARATION OF COUNSEL |
| RADINE KAWAHINE KAMAKEA-OHELO, | ) | |
| Defendant. | ) | |

DECLARATION OF COUNSEL

JEFFREY T. ARAKAKI declares under penalty of law as follows:

1. Declarant is the court-appointed attorney representing Defendant Radine Kamakea-Ohelo in the above-entitled matter.

2. On 10/272005, Defendant pled guilty to Counts 7, 23, 62, and 89 of the Indictment pursuant to a plea agreement in return for the dismissal of the remaining counts at sentencing.

3. Furthermore, pursuant to the agreement, defendant stipulated that the loss for the instant offense amounted to between $71,000 and $120,000, that the 1997 Sentencing Guideline Manual should be utilized for guideline calculation purposes, that the base offense level should be 16, and that the defendant should receive three points for acceptance of responsibility.

4. That the misconduct of the defendant occurred as a result of her misappropriation of money which she had access to as Executive Director of the Waimanalo Health Center.

5. That the defendant's efforts were significant in the perpetuation, growth, and development of the Waimanalo Health Center.

6. That personal statements as to defendant's efforts and their positive effects abound.

7. That an audit by the Department of Health and Human Services dated Nov 07 2003 for the period July 1, 2001 through Junw 30, 2002 performed by NISHIHAMA AND KISHIDA, INC., Certified Public Accountants reveals significant deficiencies in the accounting practices of the Waimanalo Health Center (Copies of the lengthy audit presented with this motion to the Honorable Susan Oki Mollway, AUSA Leslie Osborne, Senior Probation Officer Malia Eversole, and the Office of the Clerk)

8. That the total of defendant's criminal history points is 0 which establishes a criminal history category of 1.

9. Defendant is a life-long resident of the State of Hawaii who is a single parent with several of her children still in her household.

10. Defendant suffers from hypertentive cardiovascular disease with a history of recurrent cardiac decompensation, diabetes type ii, obesity, varicose veins, and recurent bronchitis. The defendant is prescribed glucophat, glyburide, actos, verapauli, cozaar, and spirunolactone. The defendant is recovering from a recent and serious bout with pneumonia

which hospitalized her.

11. That defendant is remorseful for her misconduct and believes that her rehabilitation includes her continuing efforts to help those who are young or less fortunate than she is.

12. That a sentence "sufficient but not greater than necessary" to address the issues of punishment, deterrence, and rehabilitation does not require the number of months proscribed by the relevant sentencing guideline range.

13. That we respectfully ask this Honorable Court to depart downward from the sentencing guideline range as that the combination of factors presented take this case out of the heartland of cases and allows for such consideration.

Declarant states under penalty of law that the foregoing is true and correct to the best of his knowledge and belief.

_____
JEFFREY ARAKAKI