IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00355SOM-01 |
|---|---|---|
| Plaintiff, | ) ) ) ) ) | MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE |
| vs. | ) ) ) | |
| RADINE KAWAHINE KAMAKEA-OHELO, | ) ) ) | |
| Defendant. | ) ) ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Title 18 U.S.C. Section 3553 requires a sentencing court to "impose a sentence sufficient, but not greater than necessary" to accomplish the statutory purposes of sentencing. 18 U.S.C. Section 3553(a). The Statute permits the Court, in determining the particular sentence to be imposed, to depart downward when "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to such a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described [by the guidelines]." 18 U.S.C. Section 3553(b).

In United States v. Koon, 116 S.Ct. 2035 (1996), the Supreme Court held that an appellate court owes substantial deference to a district court's decision to depart from the sentencing guidelines range and may not reverse unless the district court abuses its discretion.

"[I]t is not the role of an appellate court to substitute its appropriateness of a particular sentence." Koon, 116 S.Ct. at 2046. In reaffirming the judicial independence to grant departures, the Supreme Court explained that there is room under the guidelines for federal judges to exercise traditional sentencing discretion" to consider every convicted person as an individual and every case as a unique study in the human feelings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Id. at 2053. According to the Supreme Court, it was not congress' purpose to withdraw all sentencing discretion from the United States District Court Judge. Id.

Koon also explains that a departure potentially may be based on any ground that the Sentencing Commission has not proscribed. Federal Courts may not categorically rule out departure factors because that would usurp the Commission's policy-making authority. Id. at 2050. Lastly, Koon makes clear that the departure inquiry is fact-based. "The relevant question . . . is . . . whether the particular factor is within the heartland given all the facts of this case." Id. at 2047.

Several circuits have upheld departures for the existence of extraordinary family circumstances. In United States v. Sclamo, 997 F.2d 970, 973-974 (1st Cir. 1993), the First Circuit upheld a district court's decision to depart from the guideline range of imprisonment to probation based upon the defendant's relationship with his young stepson whose psychological condition would regress if the defendant was incarcerated. in United States v. Johnson, 964 F.2d 124, 129 (2nd Cir. 1992) the Second Circuit upheld a thirteen level departure finding extraordinary circumstances where the defendant was solely responsible for the upbringing of

-2-

three children including an infant. In United States v. Pena, 930 F.2d 1486, 1494-1495 (10th Cir. 1993) the Tenth Circuit affirmed an eight level departure based on the defendant being the mother of an infant and the sole provider for a second child and her infant. Additionally, in United States v. Miller, 991 F.2d 552, 553 (9th Cir. 1993) the Ninth Circuit implicitly recognized that departures are appropriate in cases establishing extraordinary family responsibilities (although in Miller the evidence was insufficient to warrant departure).

In the instant case, Ms. Kamakea-Ohelo is the single parent who still has several children living in her household, including three teenagers. Since 12/5/2002, she has been unemployed and has been receiving food stamps, welfare, and medical benefits from the State of Hawaii. In addition she supplements her income by collecting recyclables and redeeming them for cash.

Ms. Kamakea-Ohelo continues to assist young people and those less fortunate than herself. This counsel met her at Fischer Hawaii one day as she was purchasing items for her "children". Her concern for others is genuine.

The numerous letters prepared in her behalf corroborate this concern for others and tell a story of a woman who was probably the most significant factor in the perpetuation, growth, and development of the Waimanalo Health Center. They reveal a humble woman who made a difference in the lives of a number of individuals, including patients, clients, students, and professionals.

The misconduct appears to be an aberration. Ms. Kamakea-Ohelo's criminal history supports this conclusion.

Without denigrating the misconduct, where Ms. Kamakea-Ohelo has for the most part led a law abiding life and where she has contributed much to the well being of others, the words of Ms. Gwen Kim of Lili'uokalani Children's Center appear profound: "We are not perfect . . . I have found how fallible we are and that some of the grace of life comes from understanding this, forgiving, and thereby better appreciating when we are able to rise to the occasion. I have also found people who have come from grassroots, unlike those of us trained in regulations, are challenged when put into positions of administrative responsibility to see as clearly the black and white of situations. Kawahine admitted to her guilt. She was wrong. Her wrongness hurts us all, as we struggle for self-determination. But she is definitely not deserving of incarceration. She has already been served a humbling experience."

The combination of factors including her sincere efforts to help her community, her need to care for her children, her fragile health situation, and her misconduct as aberrant behavior supports a sentence that is "sufficient but not greater than necessary" to address the issues of punishment, deterrence, and rehabilitation and which may not require the need to incarcerate Radine Kamakea-Ohelo for the period presently proposed by the presentence investigation report. or for any period whatsoever..

For the reasons stated, we respectfully ask this Honorable court to grant a downward departure in this case.

DATED: Honolulu, Hawaii, February 15, 2006.

JEFFREY ARAKAKI
Attorney for Defendant.